IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| WILLIE E. LEWIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 7:05-cv-02589-IPJ-JEO |
| | ) |
| WARDEN KENNETH L. JONES | ) |
| and THE ATTORNEY GENERAL | ) |
| OF THE STATE OF ALABAMA, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM OPINION**

The petitioner, Willie E. Lewis, filed a petition for writ of habeas corpus with this court on December 21, 2005. He challenges the validity of his 2004 conviction on the charge of murder received in the Circuit Court of Tuscaloosa County, Alabama. Upon consideration of the same, the court finds that the petition is due to be denied.

**PROCEDURAL HISTORY**

The petitioner was indicted on March 14, 2003, by a Tuscaloosa County Grand Jury on the charge of murder in violation of Section 13A-6-2 of the Alabama Criminal Code. (Doc. 6, RX 1). The indictment charged that:

> Willie Emanuel Lewis, alias Willie E. Lewis, alias Willie Lewis, alias "Big Willie", alias "Willie Cat", whose name is otherwise unknown to the Grand Jury, did intentionally cause the death of another person, to wit: Derry Michelle Flowers, by stabbing her, with a knife and/or other sharp instrument, in violation of Section 13A-6-2 of the Code of Alabama.

On March 17, 2004, the petitioner pled guilty to murder as charged in the indictment and was adjudged guilty of murder. (Doc. 6, RX 2 at p. 3). He was sentenced on March 31, 2004, to serve

a sentence of life in the state penitentiary.  (Doc. 6, RX 2 at p. 3).  He did not appeal his conviction or sentence.

The petitioner filed a post-conviction challenge pursuant to Rule 32 of the Alabama Rules of Criminal Procedure on September 3, 2004.  He alleged that the trial court was without jurisdiction to accept his guilty plea or impose a sentence in his case because the indictment charging him with intentional murder was defective.  Specifically, he asserts that the indictment failed to track the language of the murder statute because the indictment alleged "that he 'did intentionally cause the death of another person' . . . rather than alleging 'with intent to cause the death of another person, he caused the death of that person or of another person.'"  (Doc. 6, RX 3).  After conducting an evidentiary hearing, the circuit court denied the petition.  (Doc. 6, RX 3 at p. 2).  The Alabama Court of Criminal Appeals affirmed the denial of relief on June 10, 2005.  In a memorandum decision, the court found that "intentional" is synonymous with "intent" and is sufficient to charge the requisite mens rea for murder.  Therefore, the indictment charging murder was not void and the circuit court did have jurisdiction to accept his plea and to impose a sentence.  (Doc. 6, RX 3).

After his application for rehearing was denied, the petitioner filed a petition for writ of certiorari in the Supreme Court of Alabama.  (Doc. 6, RX 4).  In his petition, he argued that the circuit court modified the statute when he was indicted for an offense that did not precisely track the language of the statute defining murder.  He also argued that the Court of Criminal Appeals' decision was in conflict with prior decisions on the same point.  (Doc. 6, RX 4).  On October 14, 2005, the Supreme Court of Alabama denied his petition for writ of certiorari and issued a certificate of judgment.  (Doc. 6, RX 5).

The petitioner filed the present petition alleging the same ground that he raised in his

post-conviction petition – a lack of subject matter jurisdiction. (Doc. 1, Attachment). This court entered an order requiring the respondents to appear and show cause why the requested relief should not be granted. An answer was filed wherein the respondents assert that the claim involves a matter of state law and is therefore not reviewable by this court. (Doc. 6). The petitioner filed a response disputing the respondents' assertion that the petition is due to be denied. (Doc. 9).

## DISCUSSION

The petitioner's claim involves matters of state law only. Therefore, this issue is not reviewable by this court unless the claim implicates a federal constitutional issue. In examining this claim, the court must begin with the premise that Supreme Court law is clear, "We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L. Ed. 2d 606 (1990); *see also Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75, 79 L. Ed. 2d 29 (1984)." *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991). "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th Cir. 1981)." *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir.1983). In short, the petitioner must demonstrate a constitutional infirmity resulting in fundamental unfairness. *See Estelle*, 502 U.S. at 70 (citing *Spencer v. Texas*, 385 U.S. 554, 563-64, 87 S. Ct. 648, 653-54, 17 L. Ed. 2d 606 (1967) ("Cases in this Court have long proceeded on the premise that the Due Process Clause guarantees the fundamental elements of fairness in a criminal trial. . . .")); *Pulley*, 465 U.S. at 41 (state law claim must be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment); *Carrizales*, 699 F.2d at 1055 ("A defective jury charge raises an issue of

constitutional dimension only if it renders the entire trial fundamentally unfair.").

The indictment in this case did not deprive the petitioner of his equal protection or due process rights. As the Alabama Court of Criminal Appeals found, the indictment charging Lewis with murder was sufficient as "'[i]ntentionally' is synonymous with 'intent' and is sufficient to charge the requisite mens rea for murder." *Lewis v. State of Alabama*, No. CR-04-0851 (Ala. Crim. App. June 10, 2005). The petitioner has failed to demonstrate any prejudice that is the hallmark of any relief on a claim that a violation of state law resulted in a federal constitutional violation.

## CONCLUSION

In view of the foregoing, the court finds that the petition for a writ of habeas corpus is due to be denied and dismissed with prejudice. An order dismissing the petition will be entered contemporaneously herewith.

**DONE**, this the 9th day of February, 2007.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE